Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1376 | **DATE** | 8/6/2003 |
| **CASE TITLE** | Michael Moline vs. Trans Union, LLC, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]    ENTER MEMORANDUM OPINION AND ORDER: Ford Motor Credit Company's motion to dismiss is granted. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to amend his complaint in accordance with this Order. If he fails to do so within that period, the dismissal will be with prejudice. Ruling date of September 3, 2003 is stricken. Status hearing set for August 27, 2003 at 10:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 0 7 2003 | |
| | Notified counsel by telephone. | | date docketed | 15 |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Mail AO 450 form. | 03 AUG -6 PM 4:19 | | |
| ✓ | Copy to judge/magistrate judge. | FILED FOR DOCKETING | date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL MOLINE, )
)
        Plaintiff, )
)
v. ) No. 03 C 1376
) Paul E. Plunkett, Senior Judge
TRANS UNION, LLC. and )
FORD MOTOR CREDIT COMPANY, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

In this suit, Michael Moline charges Ford Motor Credit Company ("Ford") with violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). Ford has filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss that claim. For the reasons set forth below, the motion is granted.

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Facts

Trans Union is a consumer credit reporting agency. (Compl. ¶¶ 5, 17.) Trans Union has issued credit reports on plaintiff that indicate he failed to make timely payments to Ford on a car loan. (Id. ¶¶ 7-10.) That information is false, plaintiff says, because his ex-wife assumed sole responsibility for those payments after she and plaintiff divorced. (Id. ¶ 8.)

On January 7, 2003, plaintiff wrote to Trans Union, in accordance with its established procedure, challenging the accuracy of the information on his credit report. (Id. ¶ 11.) Trans Union refused to change plaintiff's credit report and has continued to disseminate the incorrect credit information to third parties, in violation of the FCRA. (Id. ¶ 12.)

Plaintiff says Ford also violated the FCRA by, among other things, failing to conduct an investigation into the information that he disputed. (Id. ¶ 34.)

## Discussion

Plaintiff says Ford violated section 1681s-2(b) of the FCRA, which imposes various duties on companies that supply information to consumer credit reporting agencies. (See Compl. ¶ 34.) In relevant part, that section provides:

> After receiving notice [from a consumer reporting agency] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall —
> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting agency; and
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting

2

> agencies to which the person furnished the information and that compile and maintain files on a nationwide basis.

15 U.S.C. §§ 1681i(a)(2), 1681s-2(b)(1). According to the statute, those duties arise only after the information supplier is notified *by a consumer credit reporting agency* that a consumer challenges credit information. Id.; see Ryan v. Trans Union, No. 99 C 216, 2000 WL 1100440, at *1 (N.D. Ill. Aug. 4, 2000). Plaintiff has not alleged that Trans Union told Ford he was disputing his credit information. In fact, his allegation that Trans Union "fail[ed] to provide all *relevant information* provided by the plaintiff regarding the dispute . . . to the furnishing entities," suggests the opposite is true. (Compl. ¶ 20(b).) Absent an allegation that Ford received the required notification, the FCRA claim plaintiff asserts against it must be dismissed.

Even if the notice problem can be cured by amendment, Ford says that there are other problems that cannot. One of those problems is timeliness. Ford says that plaintiff's FCRA claim arose on May 31, 1999, the date plaintiff's ex-wife assumed responsibility for the car payments. Because this action was filed almost four years later, Ford says it is time-barred.

The Court disagrees. According to the statute, "[a]n action to enforce a liability created under [the FCRA] may be brought . . . within two years from the date on which the liability arises." 15 U.S.C. § 1681p. Ford's liability under section 1681s-2(b) is contingent on its receipt of notice from Trans Union about the credit dispute. Because we do not know when, or even if, Ford received that notice, we cannot conclude that plaintiff's claim is time-barred.

Ford also says plaintiff's claim should be dismissed with prejudice because it did not, in fact, violate the statute. The FCRA imposes liability on information suppliers only if they continue to supply inaccurate information after being notified of a credit dispute. 15 U.S.C. § 1681s-2(b)(1)(D);

Ryan, 2002 WL 1100440 at *3. Ford says that plaintiff remained liable on the auto loan even after his divorce and, thus, the information it supplied to Trans Union about late payments was correct.

The success of this argument depends on a variety of documents outside of the pleadings: the Ford retail installment contract, the marital settlement agreement executed by plaintiff and his ex-wife and correspondence between plaintiff and Ford. As a general rule, the Court cannot consider such material when deciding a motion to dismiss. See FED. R. CIV. P. 12(b). There is an exception to the Rule for documents that are "referred to in the plaintiff's complaint and are central to [his] claim," Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993), but only the contracts even arguably meet those requirements. (See Compl. ¶ 8 (alleging that plaintiff's ex-wife assumed responsibility for payments to Ford after their divorce).)

Moreover, even if we did consider the contracts, it would do Ford no good. Those documents show that plaintiff and his ex-wife entered into a contract with Ford and that plaintiff's ex-wife subsequently agreed to assume sole responsibility for that contract. They do not, however, establish that "[plaintiff] and his ex-spouse did not renegotiate the [retail installment contract] with Ford . . . after the [marital settlement agreement] was executed," as Ford contends. (See Ford Mot. Dismiss at 5.) Absent incontrovertible proof of that proposition, Ford's quest to have this suit dismissed with prejudice fails.[1]

---

[1] We could consider all of the documents submitted by Ford if we converted its motion to dismiss into a motion for summary judgment. FED. R. CIV. P. 12(b). But given the fact that discovery was stayed, at Ford's request, pending the outcome of this motion, the Court declines to do so.

## Conclusion

For the reasons stated above, Ford Motor Credit Company's motion to dismiss is granted. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to amend his complaint in accordance with this Order. If he fails to do so within that period, the dismissal will be with prejudice.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** 8-6-03