# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1376 | **DATE** | 7/14/2004 |
| **CASE TITLE** | Moline vs. Trans Union, LLC and Ford Motor Credit | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    As stated in the attached Memorandum Opinion and Order, Defendant Ford Motor Credit's petition for fees and costs [39-1] is granted. Plaintiff's Counsel shall be subject to a sanction under 28 U.S.C. § 1927 in the amount of $8,250.00. This Court holds that such a sanction is adequate to serve the purposes of 28 U.S.C. § 1927 in light of both Ford's actions in this case and the need to punish and to deter adequately, but not excessively, Plaintiff's Counsel from unreasonably and vexatiously multiplying the proceedings in future litigation. Judgment is hereby entered in favor of Defendant Ford Motor Credit Co., and against Plaintiff's Counsel, Krohn & Moss, in the amount of $8,250.00. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | **Document Number** |
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | JUL 15 2004 | | |
| | Docketing to mail notices. | | date docketed | | 45 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| KF | courtroom deputy's initials | U.S. DISTRICT COURT CLERK 2004 JUL 14 PM 3:58 FILED-IN | date mailed notice | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL MOLINE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 03 C 1376** |
| | ) | |
| **v.** | ) | **Magistrate Judge Morton Denlow** |
| | ) | |
| **TRANS UNION, L.L.C., and** | ) | |
| **FORD MOTOR CREDIT CO.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

DOCKETED
JUL 1 5 2004

## MEMORANDUM OPINION AND ORDER

This case comes before this Court on a motion for sanctions and subsequent fee petition filed by Defendant Ford Motor Credit Co. ("Ford") against Plaintiff Michael Moline's counsel, Krohn & Moss ("Plaintiff's Counsel"). This Court previously held that Ford was entitled to sanctions against Plaintiff's Counsel because, in pursuing this litigation, "plaintiff's conduct unreasonably and vexatiously multiplied the proceedings." *Moline v. Trans Union, L.L.C.*, No. 03 C 1376 (N.D. Ill. minute order Mar. 2, 2004). Because the parties have been unable to settle on an agreed sanctions award, Ford has submitted a petition for $15,064.50 in fees under Local Rule 54.3. Plaintiff's Counsel contests the fee petition, arguing that the fees are excessive and unreasonable. For the reasons set forth in this opinion, this Court awards Ford $8,250.00 in fees as sanctions pursuant to 28 U.S.C. § 1927.

45

# I. STATEMENT OF FACTS

## A. UNDERLYING LITIGATION

On February 25, 2003, Plaintiff Michael Moline ("Plaintiff") filed this action against Defendants Trans Union L.L.C. ("Trans Union") and Ford Motor Credit Co. and a separate action, 03 C 1375, against Defendant Experian Information Solutions, Inc. ("Experian") (collectively "Defendants"), alleging violations of the Federal Credit Reporting Act. The issue in both cases was whether Plaintiff's divorce decree precludes Defendants from reporting Plaintiff's ex-wife's delinquent car payments on Plaintiff's credit report where the divorce decree makes Plaintiff's ex-wife solely responsible for making the payments.

In a May 2, 2003 phone call and in a May 28, 2003 letter, Ford reacted to Plaintiff's complaint by requesting that Plaintiff voluntarily dismiss the action because the complaint was legally groundless. On May 30, 2003, Plaintiff's Counsel responded, stating that there was no legal authority contrary to the complaint. Consequently, Ford filed a motion to dismiss the action and to stay discovery before Judge Plunkett on June 16, 2003. Following oral arguments on June 25, 2003, Judge Plunkett granted the motion to stay discovery pending Ford's motion to dismiss. On August 5, 2003, Plaintiff filed a motion to compel discovery.

Judge Plunkett subsequently granted Ford's motion to dismiss on August 6, 2003. *Moline v. Trans Union L.L.C.*, No. 03 C 1376, 2003 WL 21878728, at *2 (N.D. Ill. Aug. 7, 2003). In dismissing the action, Judge Plunkett declined to consider Ford's supporting

documents or to convert the motion to one for summary judgment because Ford had stayed discovery. *Id.* Instead, he granted Plaintiff time to amend the complaint. *Id.*

Plaintiff filed an amended complaint on August 21, 2003. On September 22, 2003, Ford filed a motion for an extension of time to answer Plaintiff's discovery requests. On September 24, Ford filed a motion for summary judgment and a motion to stay discovery pending the outcome of the motion for summary judgment. On October 1, 2003, Judge Plunkett continued the motion for summary judgment to October 29, 2003; he also stayed oral discovery, allowed written discovery to proceed, and required initial Rule 26(a)(1) disclosures to be made.

On October 15, 2003, Ford moved for an extension of time to answer Plaintiff's interrogatories, document requests and requests to admit. On October 16, 2003, Judge Plunkett granted Ford an extension through November 13, 2003.

Plaintiff voluntarily dismissed the complaint against Ford on October 29, 2003, after Judge Castillo ruled against Plaintiff in case 03 C 1375 ("the Experian case"). *See Moline v. Experian Info. Solutions, Inc.*, 289 F. Supp. 2d 956, 957 (N.D. Ill. 2003) (granting summary judgment for Experian). In granting summary judgment against Plaintiff, Judge Castillo cited a document, signed by Plaintiff years after his divorce, confirming Plaintiff's liability for the car loan. *See id.*

## B.    PETITIONS FOR SANCTIONS AND FEES

After being granted summary judgment, Experian petitioned Judge Castillo for sanctions against Plaintiff's Counsel under 28 U.S.C. § 1927. In the order granting sanctions, Judge Castillo ruled that Plaintiff's Counsel had acted in bad faith because Experian had advised Plaintiff's Counsel repeatedly that the complaint lacked merit, yet Plaintiff's Counsel persisted with the groundless claim. *Moline v. Experian Info. Solutions, Inc.*, No. 03 C 1375 (N.D. Ill. minute order Jan. 13, 2004). At the urging of Judge Castillo, an agreed order was entered awarding Experian $12,000 in attorney's fees. *Id.*

On November 14, 2003, Ford submitted a motion for sanctions in this action against Plaintiff's Counsel under 28 U.S.C. § 1927. The motion was referred to this Court by Judge Plunkett, and both parties signed a limited consent to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). On November 24, 2003, this Court held oral argument on Ford's motion for sanctions and took the matter under advisement pending Judge Castillo's ruling on sanctions against Plaintiff's Counsel for its actions in the Experian case. On January 13, 2004, Judge Castillo entered the order granting Experian's motion for sanctions. *Moline v. Experian Info. Solutions, Inc.*, No. 03 C 1375 (N.D. Ill. minute order Jan. 13, 2004). Adopting Judge Castillo's opinion, this Court awarded sanctions against Plaintiff's Counsel and encouraged the parties to settle the fee award without further court intervention. *Moline v. Trans Union, L.L.C.*, No. 03 C 1376 (N.D. Ill. minute order Mar. 2, 2004).

Unable to settle the fee award with Plaintiff's Counsel, Ford submitted a fee petition to this Court requesting $15,064.50 in fees for 91.3 hours of work billed at $165 per hour. Ford's attached legal bill includes a detailed breakdown of the attorneys' daily activities on the case. Of the 91.3 hours billed, the largest blocks of time were spent on motions: over twenty hours were spent researching and preparing Ford's motion to dismiss and twenty-four hours were spent on its motion for summary judgment. Substantial time also was spent in communication with others: 5.5 hours were spent consulting with Experian's counsel, over two hours were spent on an affidavit in support of Experian's case, over four hours were spent in communication with Plaintiff's Counsel, and eight hours were spent in court. Approximately seven hours were spent on discovery during the life of the case and 14.8 hours were spent, mostly on Ford's fee petition, after the case was dismissed. Attached to the fee petition was Ford's letter dated April 26, 2004, in which Ford attempted to resolve the fee award directly with Plaintiff's Counsel. Ford claims that Plaintiff's Counsel never responded to the informal request for fees, instead waiting to contest the fee petition once this Court received it.

## II. LEGAL STANDARDS

A court has discretion to award attorney's fees under 28 U.S.C. § 1927 after that court has found a violation of the statute. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184 (7th Cir. 1992). 28 U.S.C. § 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the

excess costs, expenses, and attorneys fees reasonably incurred because of such conduct." This Court already has found that Plaintiff's Counsel has violated § 1927 and now turns to determine the amount of fees to be awarded.

The purposes of sanctions awarded 28 U.S.C. § 1927 are to "deter frivolous litigation" and to "ensure that those who create unnecessary costs also bear them," thus compensating the innocent party while punishing the offending party. *Kapco Mfg. Co. Inc. v. C & O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989). A sanctioning court "may impose a penalty as light as a censure and as heavy as is justified," thus affording district courts discretion in awarding sanctions. *Frantz v. U.S. Powerlifting Fed.*, 836 F.2d 1063, 1066 (7th Cir. 1987) (awarding sanctions under Fed. R. Civ. P. 11); *see also Kotsilieris*, 966 F.2d at 1187-88 (using Rule 11 fee award reasoning to evaluate a fee award made under § 1927). Courts awarding sanctions under § 1927 have applied the reasoning of Rule 11 sanctions, noting that the two provisions "overlap in their prohibition of conduct which is intended to impede and multiply the proceedings." *Kapco Mfg. Co. Inc.*, 886 F.2d at 1491.

In exercising its discretion, a court must award sanctions that are "a carefully measured response to the sanctioned conduct" and must specify the method used to compute the sanctions. *Id.* at 1496. Under the language of 28 U.S.C. § 1927, fees should be awarded only if they were incurred *after* and *because* the offending attorney multiplied the proceedings and only to the extent that the costs are *reasonable*. *See, e.g., Kotsilieris*, 966 F.2d at 1187 (requiring that a court imposing fees evaluate the reasonableness of the fee); *Novelty Textile*

*Mills, Inc. v. Stern*, 136 F.R.D. 63, 76 (S.D.N.Y. 1991) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 758-59 (1980), for the principle that costs must result directly from a violation of § 1927). Thus, a fee award should not compensate for excessive time spent on a matter or for time spent on activities not necessary to the litigation. A court awarding sanctions also must consider whether the petitioning party adequately mitigated its own legal costs. *Noga v. Kimco*, No. 96 C 6108, 1998 WL 9127, at *4 (N.D. Ill. Jan. 6, 1998). Finally, a court may consider equitable factors in exercising its discretion. *Id.* (citing *Brown v. Neely*, 830 F.2d 1429, 1439 (7th Cir. 1987)).

## III. DISCUSSION

In support of its fee petition, Ford has attached a detailed list of fees and costs, listing the date, hours worked, total billing, and description of the work performed by Ford's counsel. Ford also has submitted an affidavit claiming that: (1) the time entries were made contemporaneously with, or shortly following the corresponding activities described; (2) the hourly rate charged to Ford is "fair and reasonable for attorneys with like experience performing this type of work in this geographic locale;" and (3) the time spent was "reasonable and necessary based on the facts and circumstances" of the case. Def. Fee Pet., Ex. C. Ford's billing shows a total of 91.3 hours billed at a rate of $165 per hour for a total of $15,064.50 in fees attributable to this matter.

Plaintiff's Counsel does not contest the hourly rate but does assert that Ford's time spent was excessive and that some of the time entries were for activities unnecessary to the

litigation. Specifically, Plaintiff's Counsel contends that the fee petition includes time spent working on the Experian case and sets forth reasons that particular time entries should not be included. Plaintiff's Counsel also contends that the time Ford spent on its motion to dismiss was "indulgent and excessive" and that Ford's time far exceeded the time necessary to defend the action because Ford expended more time on the case than did Plaintiff's Counsel. Plaintiff's Counsel also asserts that it already has incurred $12,000 in sanctions in the Experian case and claims that a sanction in this case would be excessive.

## A. COMPENSABLE FEES UNDER § 1927 MUST BE INCURRED AS A RESULT OF PLAINTIFF'S COUNSEL MULTIPLYING THE PROCEEDINGS "UNREASONABLY AND VEXATIOUSLY."

Plaintiff's Counsel argues that Ford should not be entitled to fees for time spent working on the Experian case or to fees for entries that "do not belong," that is, entries claimed to be inconsistent with the proceedings or other records. In other words, Plaintiff's Counsel seeks to strike from the fee petition fees that were not incurred as a direct result of Plaintiff's filing and pursuing its complaint, conduct that this Court already has held to be sanctionable.

First, Plaintiff's Counsel challenges the time Ford spent consulting with Experian's counsel. The allegations made against Experian were related to the charges made against Ford in this case, and Defendants' strategies might be similar in the two cases. Rather than duplicating work, Ford reasonably conferred with Experian's counsel. The wording of some entries, e.g., "telephone conference with attorney for Experian regarding our motion for

summary judgment," does not suggest that Ford was working on Experian's case but rather that Experian was aiding Ford with its case. On the other hand, there are additional time entries that appear to pertain to Experian's defense rather than to Ford's case. For example, one entry covering 1.1 hour reveals an activity related to the Experian case: "e-mails to client about affidavit to be signed in support of Experian's motion to dismiss." Consequently, this Court finds that the fee award must be reduced to compensate for time that Ford spent with Experian's counsel because some of the time was not spent directly on Ford's case.

Second, Plaintiff's Counsel challenges specific time entries that are inconsistent with its own records or with the proceedings in the case. For example, Plaintiff's Counsel claims that there is no record of a telephone conversation between it and Ford on May 15. Ford acknowledges an error in the date of the entry, which should be May 2. However, although Ford may be able to prove that the phone call actually took place on May 2, it has no contemporaneous record of the actual time spent on that call and thus may not recover fees for that call. Plaintiff's Counsel also points to an entry on June 4, 2003, referring to time spent on a motion for summary judgment. However, no such motion was pending at the time, and therefore this entry is an example of misbilling by Ford, for which Ford may not recover fees. On the other hand, Plaintiff's Counsel also challenges Ford's entry dated May 29, 2003. Considering that Ford made no time entry whatsoever on May 29, 2003, this Court can not conclude that Ford's misbillings are as pervasive as Plaintiff's Counsel suggests. Nonetheless, it appears that Ford made some errors on its time entries and the fee award must

be reduced to compensate for time entries that are inconsistent with the record and the proceedings in this case.

Third, Plaintiff's Counsel challenges time Ford billed for discovery work and requests for extensions of time for discovery. It appears from Ford's time entries that it invested limited time on discovery and limited time on requesting extensions in an attempt to mitigate costs. *See Boyce v. Microsoft Corp.*, No. 92 C 7075, 1995 WL 153281, at *4 (N.D. Ill. Apr. 6, 1995) (ruling that a party adequately mitigated its own costs by proposing a motion to stay discovery). Considering a prevailing party's duty to mitigate its own costs, Ford reasonably concluded that investing a few hours in delaying discovery was more sensible than investing many hours in completing discovery. Although Plaintiff's Counsel sought discovery several times, Ford mitigated its own expenses by delaying discovery while waiting for dismissal of a suit that Ford knew to be groundless. This Court finds that the time Ford spent on discovery, including time invested after Plaintiff's Counsel sought to compel discovery that had been stayed, arose from Plaintiff's Counsel's conduct in unreasonably pursuing a meritless complaint and therefore should not be stricken from the fee petition.

The nature of the majority of Ford's time entries is uncontested; the entries clearly pertain to Ford's defense of this case, and the billings resulted from Plaintiff's Counsel's conduct in unreasonably pursuing the complaint. However, the examples above demonstrate that not all entries pertain directly to Ford's case, and thus this Court sees fit to reduce Ford's overall hours to equitably adjust for apparent misbillings.

## B. SANCTIONS UNDER § 1927 MAY WARRANT AN EQUITABLE REDUCTION IN THE FEE AWARD.

Equitable concerns also can warrant a reduction in a fee petition award. *See Brown*, 830 F.2d at 1439 (finding that "once a court determines that sanctions are appropriate, equitable factors may be an ingredient in the discretionary aspect" of the sanction). Indeed, the Seventh Circuit requires that this Court impose the least severe sanction that is adequate to serve the purpose of the rule. *Anderson v. County of Montgomery*, 111 F.3d 494, 502 (7th Cir. 1997). The purposes of 28 U.S.C. § 1927 are to compensate the party petitioning for fees and to punish and to deter the party against whom a sanction has been levied. *Kapco*, 886 F.2d at 1491.

### 1. In order to constitute an equitable award, sanctions under § 1927 must compensate only for reasonable time spent on the case.

Plaintiff's Counsel contends that Ford spent excessive time on its motion to dismiss and that Ford's time on this case far exceeded the time necessary to defend this matter, rendering the billing unreasonable. Where a plaintiff's relief demanded in a complaint is large, courts have found that a substantial time investment on a single motion is not unreasonable. *See, e.g., Boyce*, 1995 WL 153281, at *3 (finding $33,125 in billings for a summary judgment motion on a case involving a claim of $3.3 million to be reasonable). On the other hand, courts also have "recognized the importance of an attorney's duty to mitigate by appropriately tailoring a response to a baseless motion or complaint, in terms of hours or funds expended, to the merits of the claims." *Noga*, 1998 WL 9127, at *5 (and cases cited

within); *see also Kotsilieris*, 966 F.2d at 1187 (reducing a fee award because the petitioning party's response addressed a simple problem).

In this case, Ford knew that Plaintiff's claim was groundless and attempted to demonstrate the complaint's insufficiency to Plaintiff's Counsel after investing only four hours in the case and before presenting any motion to the court. However, the amount of time Ford spent on its motions does not reflect the simple legal insufficiency of this claim. For example, Ford spent over twenty hours altogether researching and drafting its motion to dismiss and spent roughly fifteen hours solely on drafting the six page motion. Plaintiff in this case was not seeking recovery of millions and in fact did not request any specific recovery amount, only "actual, compensatory, and punitive damages." *See Boyce*, 1995 WL 153281, at *3 (finding that over $33,000 in billlings to defend a $3.3 million claim was reasonable). Thus, Ford did not face unduly large exposure in the suit nor was it forced to research extensively. Although Ford clearly was reasonable in making its motions even though the case ultimately was resolved when Plaintiff's Counsel voluntarily dismissed the suit, this Court finds that the time spent on the motions exceeded reasonable time to defend against a claim with no basis in law.

This Court also notes that Ford's counsel expended significant hours *after* the final disposition of the case on October 29, 2003, communicating with Ford and preparing the fee petition. *See Stern*, 136 F.R.D. at 78 (ruling that it may not be appropriate in all cases to award fees "incurred in connection with the fee application itself"). In determining an

equitable fee award, this Court need not compensate Ford for time spent after the litigation had concluded. *See Borowski v. DePuy, Inc.*, 876 F.2d 1339, 1343 (7th Cir. 1989) (finding that sanctions can include time spent on fee petitions, but that the court may also exercise discretion and decline to award these fees). This Court finds that fourteen hours invested in this case after the conclusion of the litigation is excessive. Because Ford invested more time in this case, both during and after litigation, than reasonably necessary, this Court sees fit to reduce the fee award to equitably adjust for excessive time Ford spent preparing its motions and pursuing compensation for its own fees.

### 2. An equitable fee award only need be great enough to serve the purposes for which the sanction is awarded.

This Court is not unmindful of the $12,000 award that Plaintiff's Counsel already has paid to Experian as a result of this matter. Generally, Plaintiff's Counsel already has incurred some punishment, and the award is substantial enough to have some deterrent effect on Plaintiff's Counsel's future conduct. On the other hand, Plaintiff's Counsel would not be subject to a second sanction had it not filed a second lawsuit, and the act of filing the suit against Ford should be punished and deterred. Furthermore, Ford's response in this case generally was reasonable and Ford is entitled to some compensation.

However, the $15,094.50 that Ford seeks is greater than that sufficient to punish and to deter Plaintiff's Counsel. Plaintiff's Counsel is a consumer law firm that represents the interests of individuals against corporations. Although its conduct is sanctionable in this case,

13

this Court is wary of any sanction that might deter Plaintiff's Counsel from pursuing consumer claims in the future.

## D.    NET SANCTION UNDER 28 U.S.C. § 1927

Ford has petitioned for a total of $15,064.50 in fees. This Court has found that a reduction is necessary based on Ford's apparent misbillings and the excessive time Ford spent preparing its motions. Also, the time Ford spent after the conclusion of the litigation was excessive and should be reduced. Finally, this Court acknowledges that the proposed sanction is greater than necessary to deter and to punish Plaintiff's Counsel. Therefore, the total sanction is reduced to $8,250.00, a reduction to 50 billed hours, which this Court finds to be a reasonable and an equitable sanction sufficient to deter Plaintiff's Counsel from filing and pursuing meritless lawsuits and to compensate Ford for its work in this case. *See Noga*, 1998 WL 9127, at *21 (reducing a fee award by half – over twenty thousand dollars – to adjust for various equitable factors).

## IV. CONCLUSION

**For the reasons set forth in this opinion, Plaintiff's Counsel shall be subject to a sanction under 28 U.S.C. § 1927 in the amount of $8,250.00. This Court holds that such a sanction is adequate to serve the purposes of 28 U.S.C. § 1927 in light of both Ford's actions in this case and the need to punish and to deter adequately, but not excessively, Plaintiff's Counsel from unreasonably and vexatiously multiplying the proceedings in**

future litigation.  Judgment is hereby entered in favor of Defendant Ford Motor Credit Co., and against Plaintiff's Counsel, Krohn & Moss, in the amount of $8,250.00.

SO ORDERED THIS 14th DAY OF JULY, 2004.


_____
MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE


Copies mailed to:

Larry P. Smith
Krohn & Moss, Ltd.
120 West Madison Street
Chicago, IL 60602

Counsel for Plaintiff

Mary K. Schultz
Schultz & Associates, P.C.
135 S. LaSalle Street, Suite 2300
Chicago, IL 60603-4274

Counsel for Defendant